UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YULIYA NYAMTSU, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2333 |
| | § | |
| ANGEL G. MELGAR, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion to remand filed by plaintiffs Yuliya Nyamtsu, Individually, as Representative of the Estate of Aleksandr Nyamtsu ("Alex"), and as Next Friend on behalf of A.N. and V.N., their minor children ("Yuliya"), and Dmitry Purkhalo ("Dmitry") (collectively, the "plaintiffs"). Dkt. 9. On November 21, 2013, the court held an evidentiary hearing on this matter.[1] After considering the motion, response, documentary and testimonial evidence of record, and applicable law, the plaintiffs' motion to remand (Dkt. 9) is **DENIED**.

**I. BACKGROUND**[2]

On July 12, 2012, Alex was driving a tractor-trailer in Louisiana under the authority of Lucky Racing, LLC, and was carrying Dmitry as a passenger. Dkt. 4 (amended notice of removal), Ex. A (original petition) at 5 ¶ 12. Alex and Dmitry were traveling eastbound on Interstate 12 through Tangipahoa Parish on the north shore of Lake Pontchartrain in southeastern Louisiana. *Id.*

---

[1] In making a jurisdictional determination, the court may consider evidence of record and may receive affidavits, deposition testimony, or live testimony concerning the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[2] The court assumes that the well-pleaded facts from the original petition regarding the trucking accident are true for purposes of its jurisdictional analysis only.

That same evening, defendant Elmer Fernandez ("Fernandez") was driving an 18-wheeler that he had parked on the shoulder of Interstate 12. *Id.* at 5 ¶ 13. Fernandez had not activated his emergency flashers or placed warning devices or cones behind his vehicle. *Id.* After some time, Fernandez entered the right lane of travel allegedly at an unsafe speed and in an unsafe manner. *Id.* Alex was driving in that lane and attempted to avoid Fernandez's 18-wheeler, but he failed to do so. *Id.* at 5 ¶ 14. Alex's trailer ran off the south side of the roadway and collided with a group of trees. *Id.* Dmitry was ejected from the vehicle through the windshield, and he was seriously injured. *Id.* at 5–6 ¶ 14. Alex remained in the vehicle and died in the fire that resulted from the accident.[3] *Id.* Louisiana emergency services were called to the scene, and the crash report indicates that Fernandez was a Maryland resident and the vehicle's owner, Melgar Trucking, was a licensed interstate carrier with a Texas address. Evid. Hr'g Pls. Ex. D at 2.

Moreover, according to Melgar's testimony at the recent evidentiary hearing, he was a citizen of Texas at the time of the accident. But in approximately December 2012, Melgar moved his belongings to Silver Springs, Maryland, and he established a home there with his wife and son. His family owns a car in Maryland with Maryland license plates, and in June 2013, Melgar obtained a Maryland Class A Commercial Driver's License. *Id.* Def. Ex. A.

One month later, on July 11, 2013, plaintiffs filed a petition for damages in Harris County district court. Dkt. 4 at 1–2. Plaintiffs sued Fernandez, Melgar Trucking, and Melgar, individually and d/b/a Melgar Trucking (collectively, the "defendants"). *Id.* at 2. Plaintiffs seek a recovery against the defendants based on theories of negligence, gross negligence, and respondeat superior.

---

[3] Defendant Melgar Trucking, a sole proprietorship owned by defendant Angel Melgar ("Melgar"), employed Fernandez, and Fernandez was acting in the scope of his employment for Melgar Trucking at the time of the accident. Dkt. 4, Ex. A at 6 ¶¶ 15–18.

2

*Id.* Melgar was served with process on July 22, 2013, at a Love's truck stop in east Houston. *See* Evid. Hr'g Pls. Ex. A (return of service) at 1; Dkt. 11 (Melgar's response) at 4 ¶ 9. Defendants removed the case to this court on August 9, 2013. Dkt. 1.

On September 5, 2013, plaintiffs filed a motion to remand. Dkts. 7, 9. Plaintiffs contend that Melgar is a citizen of Texas and therefore precluded from removal on diversity grounds. Dkt. 9 at 6 ¶ 22 (citing 28 U.S.C. § 1441(b)). Melgar filed a response on September 26, 2013, in which he argued that he was a Maryland citizen at the time the case was filed in July 2013 and that complete diversity in the case permitted removal. Dkt. 11 at 2 ¶¶ 2–3.

The court held an evidentiary hearing on November 21, 2013, and plaintiffs' and defense counsel elicited testimony from Melgar regarding his citizenship. Plaintiffs' counsel established that despite maintaining a new residence in Maryland, Melgar retains certain Texas connections. He has one bank account in Texas, and he sends money to a niece in Houston to help with expenses at her home, where he stays when he visits the area. He also has an active Texas Driver's License with a listed address in Houston, Texas. Evid. Hr'g Pls. Ex. E (affidavit of Michael Staley). Further, Melgar Trucking's business address, as indicated by several public filings, is in Houston, Texas. *Id.* Pls. Ex. B (Harris County Clerk assumed name records); *Id.* Pls. Exs. C-1 through C-3 (DOT online registration records). The motion to remand is ripe for disposition.

## II. Legal Standard

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. *Id.* § 1332(a). Additionally, an otherwise removable action may not be removed on diversity grounds "if any of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). The burden of proving federal jurisdiction rests on the removing party—the defendant in this case—who claims to be a citizen of Maryland, not Texas. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Citizenship questions, like many federal issues, begin with constitutional text. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. CONST. amend. XIV, § 1. The term "reside" is therefore key to the state citizenship analysis, but it has been interpreted to require more than a residence in the state. *Coury*, 85 F.3d at 248. Rather, state citizenship is synonymous with domicile, which for adult persons "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597 (1989). Once a domicile is established, it continues until clearly abandoned. *Id.*; *Coury*, 85 F.3d at 250. A removing defendant who claims a change of domicile must therefore show: "(1) physical presence at the new location, and (2) an intention to remain there indefinitely." *Coury*, 85 F.3d at 250 (reaffirming that the burden of persuasion for jurisdictional issues rests with the party seeking the federal forum). In a removed case, a party's citizenship is determined at the time of the complaint's filing and removal to federal court. *Id.* at 249.

While physical presence can easily be shown in most cases, intent is often more difficult to prove. *Id.* The court evaluates numerous factors regarding intent, of which no single factor is dispositive. *Id.* at 251. These factors include the places where the litigant exercises civil and political rights, pays taxes, owns personal and real property, has driver's and other licenses, keeps

bank accounts, has places of business and employment, belongs to clubs and churches, and maintains a home for family. *Id.*; *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972).

### III. ANALYSIS

As a threshold matter, neither side challenges the plaintiffs' citizenship (Oregon) or defendant Fernandez's citizenship (Maryland). Dkt. 4 at 2–3 ¶ 4; Dkt. 4, Ex. A at 2 ¶¶ 2–3, 5. They instead focus their attention on the citizenship of Melgar, and by extension his d/b/a Melgar Trucking.[4] Defendants assert that Melgar became a citizen of Maryland in December 2012, eight months before suit was filed. Plaintiffs contend that Melgar is a citizen of Texas, making removal of this case improper under the forum-defendant rule. Dkt. 9 at 6; 28 U.S.C. § 1441(b)(2).

Plaintiffs assert that several pieces of evidence point to Melgar's Texas citizenship: (1) Melgar was served in Houston on July 22, 2013; (2) Melgar Trucking has always maintained Houston addresses in county and federal records; and (3) Fernandez made an adoptive admission to Louisiana police at the time of the accident that Melgar Trucking was located in Texas. Dkt. 11, Exs. A–D. In response, Melgar contends that these items of evidence relate only to his former addresses and fleeting presence in Texas and do not reflect his change of domicile to Maryland at the time the case was filed and removed to federal court. Dkt. 11 at 4 ¶¶ 9–10. After evaluating all of the evidence, the court finds that Melgar has met his burden to show his Maryland citizenship at the time of filing and removal.

It is undeniable that Melgar maintained Texas citizenship for at least a year before he moved to Maryland and that he is a truck driver without substantial and traditional ties to his places of residence. These facts account for his failure to timely transfer Melgar Trucking's business address

---

[4] Melgar's individual citizenship is determinative of the citizenship issues for himself and Melgar Trucking, as the latter is an unincorporated sole proprietorship. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 687 n.1 (7th Cir. 2008).

in county and federal records and to terminate his Texas Driver's License before it otherwise expired. Further, service of process upon Melgar at a Houston truck stop is irrelevant to his residency and other citizenship factors that look beyond mere presence within a particular state. Lastly, Fernandez's admission to Louisiana authorities of Melgar Trucking's Houston address provides evidence of Melgar's residence when the accident occurred, but is of limited value in determining his citizenship at the time the case was filed and removed. *Coury*, 85 F.3d at 248–49.

By contrast, there is persuasive evidence that Melgar changed his domicile to Maryland by July 2013. Melgar relocated to Maryland in December 2012, where his family lived, and he also obtained a Maryland Commercial Driver's License in June 2013. These facts indicate a change of physical location and provide sufficient objective evidence to support Melgar's sworn statement that his permanent residence and domicile became Maryland in December 2012. *Id.* at 251. The court acknowledges that Melgar's bank account in Texas and his active Texas Driver's License weigh in favor of Texas citizenship, but under the circumstances these facts are merely consistent with Melgar's failure to sever certain Texas ties and do not establish an indefinite intent to *remain* in the forum. *Holyfield*, 490 U.S. at 48. The court finds that Melgar has met his burden to show Maryland citizenship, and he was thus entitled to remove this case to federal court in August 2013.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand (Dkt. 9) is **DENIED**.

Signed at Houston, Texas on December 2, 2013.

_____
Gray H. Miller
United States District Judge